## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.:

Cathleen Poechmann and others in
similar situation,

Plaintiff,

vs.

Alerus Financial, National Association,

Defendant.

**CLASS ACTION COMPLAINT WITH
JURY TRIAL DEMAND**

### INTRODUCTION

1.    This action arises out of the Defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.*  Plaintiff brings this action on behalf of herself and a class of all persons who were charged a transaction fee, notice of which was not posted on the Defendant's automated teller machine ("ATM") located at 2520 White Bear Ave, Maplewood, Minnesota 55109. Plaintiff seeks actual and statutory damages, costs and attorney fees.

### JURISDICTION

2.    Jurisdiction of this Court arises under 28 U.S.C. §1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.*  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3.    Plaintiff Cathleen Poechmann (hereinafter "Plaintiff Poechmann") is a natural person who resides in the City of Mahtomedi, County of Washington, in the State of Minnesota.

4.    Defendant ALERUS FINANCIAL, NATIONAL ASSOCIATION, (hereinafter "Defendant Alerus") is a national bank and leading operator of automated teller machines and accessories in the upper Midwest, one location being 2520 White Bear Avenue, Maplewood, MN 55109.

## CLASS ACTION FACTUAL ALLEGATIONS

5.    The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq*., require an automated teller machine operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6.    Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose, (a) on the ATM (via placard/sticker) that a fee will be imposed, and (b) on the ATM screen that a fee will be imposed and the amount of such a fee.

7.    The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

2

8.    On December 12, 2009 Plaintiff Poechmann used the ATM located outside Alerus Bank at 2520 White Bear Avenue, Maplewood, Minnesota 55109.

9.    On December 12, 2009 Plaintiff Poechmann was charged a $2.00 fee to withdraw money from the ATM at 2520 White Bear Avenue, Maplewood, Minnesota 55109.

10.   On December 12, 2009 there was no notice posted on or near the ATM that disclosed that users would be charged any fee by the ATM at 2520 White Bear Avenue, Maplewood, Minnesota 55109.

## CLASS ACTION ALLEGATIONS

11.   Plaintiff brings this action individually and as a class action for Defendant's violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.*, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

- All persons in the United States who were assessed a fee by the ATM located at 2520 White Bear Avenue, Maplewood, Minnesota 55109 without the presence of a posted warning of the fee on or near the ATM.

12.   The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff upon information and belief, asserts that the Class numbers in the hundreds, if not thousands.

13.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

   a.  Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the Class period that imposed a fee on consumers for providing host transfer services to those consumers;

   b.  Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c); and

   c.  The appropriate measure of damages sustained by Plaintiff and other members of the Class.

14.   Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, including:

   a.  Plaintiff and all putative Class members used an ATM operated by Defendant;

   b.  Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

   c.  Defendant illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM.

15.   Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this cause.

16.   This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of

4

inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

17.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

18.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

**TRIAL BY JURY**

19.     Plaintiff is entitled to and hereby requests a trial by jury.  US Const. Amend. 7. Fed. R. Civ. P. 38.

**CAUSES OF ACTION**
**COUNT I**
**VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT & REGULATION E**

**U.S.C. §1693 *et seq.* & 12 C.F.R. §205.1 *et seq.***

20.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

21.   Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

22.   Defendant was the operator of the ATM located at 2520 White Bear Avenue, Maplewood, Minnesota 55109 at all times relevant to this action.

23.   Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

24.   Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that this Court enter judgment in her favor and against Defendant and award the following:

- An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

- Actual and statutory damages as set forth in the EFTA and Regulation E;

- An order enjoining Defendant from continuing to violate 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e);

- Attorneys' fees and costs of suit; and

- Such other relief as this Court deems proper.

Dated this  8  day of October, 2010.   Respectfully submitted,

By: _____

**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Sr., Esq.
Attorney I.D. # 65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

**THE CONSUMER ADVOCACY CENTER, P.C.**
Lance Raphael, Esq.
180 West Washington, Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930
lance@caclawyers.com
*REQUEST TO BE ADMITTED PHV*

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION
## BY PLAINTIFF CATHLEEN POECHMANN

STATE OF MINNESOTA  )
                           ) ss
COUNTY OF RAMSEY    )

       CATHLEEN POECHMANN, having first been duly sworn and upon oath, depose and states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that the facts set out in this civil Complaint are well stated and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I file this civil Complaint in good faith and solely for the purposes set forth in it.

                                      CAHTLEEN POECHMANN

Subscribed and sworn to before
me this _16_ day of August, 2010.

Notary Public