# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cathleen Poechmann and others in similar situation, | Court File No. 10-CV-4186 (DWF/FLN) |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| Alerus Financial, National Association, | |
| Defendant. | |

Defendant Alerus Financial, National Association, for its Answer to Plaintiff's Class Action Complaint With Jury Trial Demand, through its counsel, states that it admits, denies, or otherwise qualifies its responses to each paragraph of the Complaint as follows:

1. In response to the allegations in Paragraph 1 of the Complaint, Alerus admits that Plaintiff purports to base her action on the Electronic Funds Transfer Act and the regulations promulgated thereunder, states that the Complaint otherwise speaks for itself, and denies the remaining allegations.

2. In response to the allegations in Paragraph 2 of the Complaint, Alerus states the allegations call for legal conclusions, but admits that jurisdiction and venue are proper in this Court.

3. In response to the allegations in Paragraph 3 of the Complaint, Alerus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

4. In response to the allegations in Paragraph 4 of the Complaint, Alerus admits that it is a national bank, admits that it currently operates an automated teller machine at 2520 White Bear Avenue, Maplewood, Minnesota 55109. Alerus further states that it is the successor to

Prosperan Bank f/k/a Washington County Bank pursuant to a Purchase and Assumption Agreement dated as of November 6, 2009, between the Federal Deposit Insurance Corporation, as Receiver of Prosperan Bank, and Alerus.  Alerus denies the remaining allegations in Paragraph 4.

5. As to Paragraph 5, Alerus states that the allegations call for a legal conclusion for which no response is required.  Alerus further states the statute and regulations cited by Plaintiff speak for themselves, and Alerus denies the allegations to the extent they are inconsistent with the statute and regulations.

6. As to Paragraph 6, Alerus states that the allegations call for a legal conclusion for which no response is required.  Alerus further states the statute and regulations cited by Plaintiff speak for themselves, and Alerus denies the allegations to the extent they are inconsistent with the statute and regulations.

7. As to Paragraph 7, Alerus states that the allegations call for a legal conclusion for which no response is required.  Alerus further states the statute and regulations cited by Plaintiff speak for themselves, and Alerus denies the allegations to the extent they are inconsistent with the statute and regulations.

8. In response to the allegations in Paragraph 8 of the Complaint, Alerus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

9. In response to the allegations in Paragraph 9 of the Complaint, Alerus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

10. In response to the allegations in Paragraph 10 of the Complaint, Alerus denies the allegations and puts Plaintiff to her proof.

11.     In response to the allegations in Paragraph 11 of the Complaint, Alerus admits Plaintiff purports to bring her claim and the EFTA and Regulation E, and that she purports to bring it as a class action. Aleris denies the Plaintiff has set forth an adequate class definition, and specifically denies there is any class that may properly be certified under Minn. R. Civ. P. 23.

12.     Alerus states that the allegations in Paragraph 12 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required and denies any allegations that are not conclusions of law. Alerus denies that numerosity is sufficient as required by Minn. R. Civ. P. 23.

13.     Alerus states that the allegations in Paragraph 13 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required and denies any allegations that are not conclusions of law. Alerus denies that the common questions set forth in Paragraph 34 are sufficient under Minn. R. Civ. P. 23.

14.     Alerus states that the allegations in Paragraph 14 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required and denies any allegations that are not conclusions of law. Alerus denies that typicality is satisfied as required by Minn. R. Civ. P. 23.

15.     Alerus states that the allegations in Paragraph 15 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required and denies any allegations that are not conclusions of law. Alerus denies that Plaintiff or her chosen counsel are adequate representatives for the putative class that the Plaintiff purports to represent.

16.     Alerus states that the allegations in Paragraph 16 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required and denies any allegations that are not conclusions of law.

17. Alerus states that the allegations in Paragraph 17 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required and denies any allegations that are not conclusions of law.

18. Alerus states that the allegations in Paragraph 18 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required and denies any allegations that are not conclusions of law.

19. Alerus states that the allegations in Paragraph 19 of the Complaint purport to set forth a legal conclusion to which no responsive pleading is required.

20. In response to Paragraph 20 of the Complaint, Alerus re-states each of the responses above as if fully set forth.

21. Alerus states that the allegations in Paragraph 21 of the Complaint purport to set forth a legal conclusion to which no responsive pleading is required.

22. In response to Paragraph 22, Alerus admits that it currently operates an automated teller machine at 2520 White Bear Avenue, Maplewood, Minnesota 55109, but denies that it has operated this ATM at "all relevant times."

23. Alerus denies the allegations in Paragraph 23 of the Complaint and puts Plaintiff to her proof.

24. Alerus denies the allegations in Paragraph 24 of the Complaint and puts Plaintiff to her proof.

25. Alerus denies that Plaintiff and/or any putative class members are entitled to any of the relief demanded in the Complaint.

26. Alerus denies each and every other allegation contained in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

27. Plaintiff suffered no injury or damage because Alerus provided notice that a fee would be imposed for providing electronic fund transfer services on the screen of the automated teller machine in question.

## SECOND AFFIRMATIVE DEFENSE

28. The Named Plaintiff is not entitled to class certification because she fails to meet the requirements of Rule 23 of the Minnesota Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

29. Any alleged violation was unintentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## FOURTH AFFIRMATIVE DEFENSE

30. Plaintiff has failed to join parties necessary to this dispute.

## FIFTH AFFIRMATIVE DEFENSE

31. Alerus's actions with respect to the automated teller machine identified in Plaintiff's Complaint were in good faith compliance with the Regulatory Board's Rules and Regulations.

**WHEREFORE,** having fully answered the Plaintiff's Complaint, Alerus respectfully requests relief as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Alerus be awarded its costs and expenses incurred herein; and

3. That the Court grant Alerus such other relief as the Court may deem just and proper.

Dated: November 15, 2010                    DORSEY & WHITNEY LLP

By: **s/ Shari L. J. Aberle**
    James K. Langdon (Minn. # 0171931)
       Langdon.Jim@dorsey.com
    Shari L. J. Aberle (Minn. # 306551)
       Aberle.Shari@dorsey.com
    Kenneth Connelly (Minn. # 0389548)
       Connelly.Ken@dorsey.com
50 South 6th Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Defendant*