UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 10-CV-4186 (SRN/FLN)

| | |
|---|---|
| Cathleen Poechmann and others in similar situations,<br><br>Plaintiff,<br><br>v.<br><br>Alerus Financial, National Association,<br><br>Defendant. | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR CLASS CERTIFICATION** |

## INTRODUCTION

At one of its branch locations, Defendant Alerus Financial, National Association (hereinafter "Defendant" or "Alerus") operated an automated teller machine ("ATM") in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. ("EFTA" or "Act"). Specifically, Defendant failed to post the statutorily-mandated notice on the face of its ATM, located at 2520 White Bear Avenue North, Maplewood, Minnesota 55109, to notify users that it would charge non-Alerus customers a $2.00 fee. *See* 15 U.S.C. § 1693b(d)(3)(B).

Plaintiff brought this class action to seek redress for Defendant's imposition of ATM fees without having properly disclosed the fee on the outside of its ATM. Plaintiff's claim is exactly the same as all other putative class members, *i.e.*, each used the Defendant's ATM and paid the same $2.00 fee that Defendant was not entitled to

1

charge because it failed to post the physical notice required by the EFTA. Because no individual issues exist that would preclude classwide disposition of this case, Plaintiff seeks to certify the following class:

> All persons in the United States, from November 6, 2009 to June 4, 2010,[1] who were charged a $2.00 transaction fee for the use of an automated teller machine operated by Alerus at the following location:
>
> Alerus Financial, National Association
> 2520 White Bear Avenue North
> Maplewood, Minnesota 55109

## LEGAL DISCUSSION

The class action was designed to promote a fair and expeditious resolution for claims of a large number of people seeking relief for the same unlawful occurrence, practice or procedure. The plain language of EFTA, like the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the Truth in Lending Act 15 U.S.C. § 1640 *et seq*. ("TILA"), demonstrates that class actions are an appropriate procedural device because class-wide statutory damages are specifically contemplated. Class remedies are "an important encouragement to the voluntary compliance which is so necessary to insure nationwide adherence to uniform disclosure."[2]

---

[1] Defendant has stated that its ATM in question was not owned or operated by it until November 6, 2009 and it was not until June 4, 2010 that it placed a Fee Notice sticker on the ATM. *See* Lyons Decl. at ¶5, Ex. 2 (Interrogatory Answer No. 6).

[2] SENATE COMM. ON BANKING, HOUSING AND URBAN AFFAIRS, TRUTH IN LENDING AMENDMENTS, S. Rep. No. 93278, 93d Cong., 1st Sess. 14-15 (1973).

In commenting on TILA's statutory damages, the Senate Committee on Banking, Housing and Urban Affairs noted that consumer remedies should not be restricted to actual damages because, "[a]s the Committee pointed out in its report on similar legislation last year, 'Most Truth in Lending violations do not involve actual damages and . . . some meaningful penalty provisions are therefore needed to insure compliance.'"[3] Further, "[t]he possibility of class-action exposure is essential to the prophylactic intent of the Act, and is necessary to elevate truth-in-lending lawsuits 'from the ineffective 'nuisance' category to the type of suit which has enough sting to insure that management will strive with diligence to achieve compliance.'"[4]

The alternative to class certification – the prosecution of several hundred individual claims – would result in extreme logistical difficulties, a waste of judicial resources, and the elimination of an orderly and reasonable process to resolve the factual and legal issues underlying this case.

The purpose of EFTA is to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. *See* 15 U.S.C. § 1693(b). "The primary objective of EFTA, however, is the provision of . . . consumer rights." *Id.* EFTA is a strict liability statute, and makes no mention of any

---

[3] SENATE COMM. ON BANKING, HOUSING AND URBAN AFFAIRS, TRUTH IN LENDING AMENDMENTS, S. Rep. No. 93-278, 93d Cong., 1st Sess. 14-15 (1973).

[4] *Bantolina v. Aloha Motors, Inc.*, 419 F. Supp. 1116, 1120 (D. Hawaii 1976) (*citing* Federal Reserve Board, 1972 Annual Report on Truth in Lending).

requisite scienter.[5] As EFTA is broadly drafted and designed to protect consumers, it must be read in such a way to effectuate this purpose.

**I. PLAINTIFF'S MOTION FOR CLASS CERTIFICATION SHOULD BE GRANTED BECAUSE THE PREREQUISITES OF RULE 23(A) ARE SATISFIED.**

Under the Federal Rules of Civil Procedure, a party seeking class certification must first satisfy each of four prerequisites under Rule 23(a), plus one of three conditions for maintaining a class action under Rule 23(b).[6] In general, Rule 23 is to be liberally construed in order to enhance the use of class actions as a means of vindicating the rights of absent class members who are unable to personally prosecute actions. *See* Am Jur. 2d § 1853. Furthermore, close or doubtful cases should be resolved in favor of class certification. *Esplin v. Hirschi,* 402 F.2d 94, 99 (10th Cir. 1968); *Groover v. Michelin North America, Inc.*, 187 F.R.D. 662, 666 (M.D. Ala. 1999); *Jackson v. Motel 6 Multipurposes, Inc.,* 175 F.R.D. 337, 340 (M.D. Fla. 1997).

As the *Esplin* Court explained:

> Without the class action device, many actionable wrongs would go uncorrected and persons affected thereby unrecompensed. In essence, the class action device is a bona fide method for redressing violations of the . . . laws and for compelling compliance with their mandates . . . . Accordingly, the interests of justice require that in a doubtful case . . . any error, if there is to be one, should be committed in favor of allowing the class action.

*Esplin,* 402 F.2d at 101.

---

[5] *Burns v. First Am. Bank*, No. 04 C 7682, 2006 U.S. Dist. LEXIS 92159, *19 (N.D. Ill. Dec. 19, 2006) (*citing Bisbey v. D.C. National Bank*, 793 F.2d 315, 318-19 (D.C. Cir. 1986)).

[6] Rule 23(b) shall be discussed in detail below.

The theory behind the liberal construction of Rule 23 is that the determination of the propriety of a class action is always subject to modification, should later developments during the course of the litigation so require. *Id*. at 99; Fed. R. Civ. P. 23(c)(1). Plaintiff's motion for class certification should be granted because she has carried her burden of satisfying each of the four prerequisites of 23(a).

Rule 23(a) provides:

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

As demonstrated below, Plaintiff meets all requirements necessary to certify this case as a class action. As Congress recognized the importance of class actions in protecting consumers under this statute by expressly authorizing class action remedies under EFTA, a class should be certified here.[7]

### A.     Rule 23(a)(1) -- Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." *In re Federal Skywalk Cases,* 680 F.2d 1175, 1178 (8th Cir. 1982). The standard of impracticability does not mean impossibility, but only that it would be difficult or inconvenient to join all members of the class. *Thinesen v. JBC Legal Group,*

---

[7] 15 U.S.C. § 1693m; *see also Cobb v. Monarch Finance Corp.*, 913 F. Supp. 1164, 1173 (N.D. Ill. 1995) (certifying EFTA class); *Burns*, 2006 U.S. Dist. LEXIS 92159 at *2 (same).

2005 WL 2346991 *7 (D. Minn. 2005), *citing Jenson v. Eveleth Taconite Co.*, 139 F.R.D. 657, 659-60 (D. Minn. 1991).

Number is but one of several considerations relevant to the joinder impracticability issue. In addition to the size of the class, the Court may also consider the: 1) nature of the action; 2) the size of the individual claims; 3) the inconvenience of trying individual suits; and 4) any other factor relevant to the practicability of joining all the putative class members. *Carpe v. Aquila, Inc.*, 224 F.R.D. 454, 457 (W.D. Mo. 2004) (*citing Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982)).

Courts generally have not established a minimum number required to satisfy the numerosity requirement. "The difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone." *Carpe,* 224 F.R.D. at 457; *see also Lockwood Motors, Inc. v. Gen. Motors Corp.*, 162 F.R.D 569, 574 (D. Minn. 1995) (stating that, "[i]n general, a putative class exceeding 40 members is sufficiently large to make joinder impracticable").

In the present action, Defendant has responded to Plaintiff's Interrogatories with a specific number of transactions at issue,[8] and while it did not produce documents for the Maplewood location, it did identify approximately 408 foreign card transactions at issue at the branch.[9] Thus, Plaintiff has established numerosity exists and that joinder of all

---

[8] *See* Lyons Decl. ¶5, Ex. 2 (Interrogatory Answer No. 10).

[9] In response to Plaintiff's discovery requests, Defendant states it became compliant with

408 potential class members would be impracticable and meets the requirements of Rule 23(a)(1).

   B.   **Rule 23(a)(2) -- Commonality**

In motions for class action certification generally, the commonality requirement is easily satisfied and imposes only a "light burden" on Plaintiff.  *See* Newberg § 310 at 3-50.  "Not every question of law or fact need be common to the class to satisfy the requirements of Rule 23(a)(2). Instead, Rule 23(a)(2) requires only that the course of conduct giving rise to a cause of action affects all class members, and that at least one of the elements of that cause of action is shared by all class members."  *Lockwood*, 162 F.R.D. at 575.  Commonality is not required on every question raised.  *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995).

> One court has explained:
>
> "When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment."  *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir. 1977), *cert. denied*, 434 U.S. 856 (1977).  "Not every question of law or fact need be common to the class to satisfy the requirements of 23(a)(2)."  *Lockwood Motors, Inc. v. General Motors Corp.*, 162 F.R.D. 569, 575 (D. Minn. 1995).  Rather, Rule 23(a)(2) is easily met in most cases because it "requires only that the course of conduct giving rise to a cause of action affects all class members, and that at least one of the elements of that cause of action is shared by all class members."  *Id*.

*Egge v. Healthspan Services Co.,* 208 F.R.D. 265, 268 (D. Minn. 2002).

---

EFTA on June 4, 2010.  *See* Lyons Decl. ¶5, Ex. 2 (Interrogatory Answer No. 6).

In this case, Plaintiff alleges that Defendant violated EFTA by failing to post a fee notice on its ATM before charging her a fee to use the machine. Plaintiff's claim is universal and identical to the experience of the putative class members to whom Defendant also charged a transaction fee while no fee notice was posted on the ATM. Although a common question of either law or fact can be used to support a class action, both exist here. The common questions of fact for the class are: (1) whether Defendant posted notice that it would charge a transaction fee for use of the ATM; and (2) whether Defendant charged a transaction fee for use of the ATM when no fee notice was posted. The common question of law is whether Defendant's failure to post a fee notice while charging a transaction fee violated 15 U.S.C. § 1693b(d)(3) and 12 CFR § 205.16. Because there is a common nucleus of operative facts as to all the class members' ATM transactions, and this fact could provide for a finding of liability under EFTA for all class members, Plaintiff satisfies the commonality requirement of Rule 23(a)(2).[10]

### C. Rule 23(a)(3) -- Typicality

In general, typicality will be satisfied "when the claims of the named plaintiffs emanate from the same event or are based on the same legal theory as the claims of the class members." *Egge*, 208 F.R.D. at 269 (*citing Lockwood*, 162 F.R.D. at 575).

---

[10] *Burns*, 2006 U.S. Dist. LEXIS 92159 at *25 (finding that "[t]he proposed class is based on a common nucleus of operative facts - that is, Defendant charged each class member $2.50 for using ATMs S1A5260 and S1A5261 during the Class Period. Class members also share a common interest in the question of whether Defendant's fee notices violated EFTA. Because class members share common questions of law and fact, the commonality prong of Rule 23(a) is met.")

Typicality is "fairly easily met so long as other class members have claims similar to the named plaintiff." *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1540 (8th Cir. 1996); *see also DeBoer,* 64 F.3d at 1174. "Typicality and commonality are closely related, and typicality is generally found where the commonality requirement has been met." *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 333 (N.D. Ill. 1995). Factual variations in the individual claims will not normally preclude certification if the claim arises from the same course of conduct as the class claims. *Alpern,* 84 F.3d at 1540; *accord Paxton*, 688 F.2d at 561.

Here, the representative Plaintiff's claims cannot be factually distinguished from the claims of the absent putative class members, because each claim arises from identical conduct, *i.e.*, Defendant's failure to post a fee notice on the ATM while charging a transaction fee. Each claim is also based on the same legal theory, whether Defendant violated § 1693b(d)(3) of EFTA.[11] Accordingly, Plaintiff has met the typicality requirement of Rule 23(a)(3).

### D.  Rule 23(a)(4) -- Adequacy of Representation

Whether the representative will "fairly and adequately protect the interests of the class" depends on "whether: 1) the class representatives have common interests with the members of the class, and 2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton,* 688 F.2d at 562-63.

---

[11] *Burns*, 2006 U.S. Dist. LEXIS 92159 at *26 (finding typicality for EFTA class); *see also Flores v. Diamond Bank*, 2008 U.S. Dist. LEXIS 91097, *4 (N.D. Ill. Nov. 7, 2008) (same).

A class representative will generally be found to have a common interest with the members of the class when the representative has "an economic stake in the outcome of [the] litigation." *Egge,* 208 F.R.D. at 269, *quoting Wilborn v. Dun & Bradstreet Corp.,* 180 F.R.D. 347, 355 (N.D. Ill. 1998)). This economic stake exists even when the named plaintiff stands to recover only statutory, and not actual damages, "as long as the class members' injuries arose out of the same violative conduct." *Id.* at 270, *citing Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1997); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997).

The second inquiry under Rule 23(a)(4) involves both whether the representative plaintiff is adequately responsible to represent the class, and whether her attorneys are sufficiently experienced in class action litigation and consumer issues.

First, no conflict or antagonism exists between Plaintiff and the putative class members given the identical nature of their claims and injury. Second, Plaintiff has a clear interest in the successful outcome of the lawsuit because she seeks to recover damages for herself and the proposed class and she expects to participate going forward in the discovery and trial process. Third, Plaintiff has hired attorneys who are active practitioners in consumer class cases with experience, diligence, and commitment to this litigation and to protect the interests of the class. *See* Lyons Decl. at ¶4 and Raphael Decl. at ¶10. Therefore, Plaintiff and her counsel meet the adequacy requirements of Rule 23(a)(4).

## II.   A CLASS ACTION IS MAINTAINABLE UNDER RULE 23(b)(3)

In addition to satisfying Rule 23(a), a Plaintiff seeking certification must satisfy one of the provisions of Rule 23(b).  Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires a showing "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy."  Plaintiff meets those requirements.

The predominance inquiry focuses on the issue of liability.  *See Lockwood Motors,* 162 F.R.D. at 580 ("[T]he fundamental question is whether the group aspiring to class status is seeking to remedy a common legal grievance."), *quoting* 3B Moore's Federal Practice § 23.45 at 23-306-07 (2d Ed.1994).

### A.   Common Questions of Law or Fact Predominate

A common question of law or fact predominates when there is a common factual link between all the class members and the defendant for which the law provides a remedy.[12]   "The commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) are closely related and a finding of one will generally satisfy the other."[13]

---

[12] *See Daley v. Provena Hospitals*, 193 F.R.D.526, 529 (N.D. Ill. 2000).

[13] *See Clark v. Retrieval Masters Creditors Bureau*, 185 F.R.D. 247, 250 (N.D. Ill. 1998) (*citing Villareal v. Snow*, No. 95 C 2484, 1996 U.S. Dist. LEXIS 667, *15 (N.D. Ill. January 16, 1996)).

Here, common questions predominate for the class because Defendant's failure to post a fee notice on the ATM while still charging a transaction fee to non-customer users of the ATM is <u>identical</u> with regard to all putative class members. Indeed, each class member's claim "will be decided predominately, if not entirely, based on common evidence of Defendant's conduct."[14]

Because EFTA (like the FDCPA and TILA) is a strict liability statute, Plaintiff and the class members only need to show that a violation occurred (failure to post the notice) in order to recover statutory damages.[15] In interpreting the purpose behind statutory damages, courts have said:

> [T]he Bank's foregoing failures to comply with the statute give rise to civil liability under section 915 of the Act. That section provides that any person who fails to comply with any provision of [the Act] with respect to any customer, except for an error resolved in accordance with section 908, is liable to such consumer for actual damages <u>or for a symbolic award</u>. <u>Thus, under the plain terms of the Act, civil liability attaches to all failures of compliance with respect to any provision of the Act</u>.[16]

Because the question of fact (whether Defendant posted a physical fee notice on the ATM) and the question of law (whether the failure to post such notice violated

---

[14] *Burns*, 2006 U.S. Dist. LEXIS 92159 at *31.

[15] ATM operators may not charge a fee if the ATM surcharges are improperly disclosed. *See* 15 U.S.C. § 1693b(d)(3)(C) ("No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (b)…")

[16] *Berenson v. National Financial Services, LLC*, 403 F.Supp.2d 133, 146 (D. Mass. 2005) (*citing Bisbey v. D.C. National Bank*, 793 F.2d 315, 317 (D.C.Cir. 1986)) (emphasis added).

EFTA) would result in liability against Defendant, the questions of fact and law common to the members of the class predominate over any questions affecting only individual members.[17]

### B. A Class Action is Superior to Other Available Methods to Adjudicate this Controversy

Factors considered when assessing superiority include: (a) the interest of individuals in controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by class members; (c) the desirability of concentrating the litigation in the particular forum; and (d) the difficulty likely to be encountered in the management of the class action.[18] Additionally, when the potential recovery is small, class actions are superior to individual suits because small recoveries do not provide an incentive to bring individual suits.[19] Finally, "courts hold that claims dealing with the legality of standardized . . . conduct are generally appropriate

---

[17] *Burns v. First Am. Bank*, 2006 U.S. Dist. LEXIS 92159 at *31-32 ("Likewise, any defense raised by Defendant under § 1693m(c) will depend on common issues involving Defendant's intent and its maintenance of procedures reasonably adapted to avoid a violation. Accordingly, questions common to the class predominate over any questions affecting only individual members." *See also Flores v. Diamond Bank*, 2008 U.S. Dist. LEXIS 91097, *8 (N.D. Ill. Nov. 7, 2008)(same).

[18] *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007).

[19] *Id.* at 564; *see also In re Folding Carton Antitrust Litig.*, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied.)

for resolution by means of a class action because the . . . conduct is the focal point of the analysis."[20]

Here, a class action is the superior and most efficient means of assessing the legality of Defendant's standardized conduct (failing to post a fee notice in violation of EFTA), because Plaintiff alleges that Defendant acted wrongfully in a manner universal to all putative class members.[21] As a result, as the court stated in *Burns v. First American Bank*, "adjudicating the class claims here will take no more effort than it would to adjudicate the claims of Plaintiffs alone."[22] Additionally, the small recovery available suggests little interest in individuals controlling the litigation themselves, in the unlikely event class members are even aware of their claims. There are no concerns about concentrating the litigation in this forum because Defendant's ATM is located in Minnesota. Finally, there are no likely difficulties in managing this case as a class action, because the proof necessary is identical for all class members.

## CONCLUSION

For all of the above-stated reasons, Plaintiff Cathleen Poechmann respectfully requests that her Motion for Class Certification be granted.

---

[20] *Shaver v. Trauner*, No. 97-1309, 1998 U.S. Dist. LEXIS 19648, *18 (C.D. Ill. July 31, 1998) (citation omitted).

[21] *Beasley v. Blatt*, No. 93 C 4978, 1994 U.S. Dist. LEXIS 9383, *13 (N.D. Ill. July 8, 1994).

[22] *Burns*, 2006 U.S. Dist. LEXIS 92159 at *40.

Dated this 14<u>th</u> day of April, 2011.  Respectfully submitted,

By: s/Thomas J. Lyons
**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Sr., Esq.
Attorney I.D. # 65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

**THE CONSUMER ADVOCACY CENTER, P.C.**
Lance Raphael, Esq.
(*Admitted pro hac vice*)
180 West Washington, Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930
lance@caclawyers.com

**ATTORNEYS FOR PLAINTIFF**