**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 10-CV-4186 (SRN/FLN)**

| | |
|---|---|
| Cathleen Poechmann on behalf of herself and all others in similar situations,<br><br>Plaintiff,<br><br>v.<br><br>Alerus Financial, National Association,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND THE PLAINTIFF'S REPRESENTATIVE AWARD** |

## I.    PRELIMINARY STATEMENT

The parties, by and through their counsel, respectfully submit this memorandum of law in support of this Motion for Final Approval of Class Action Settlement.   The proposed settlement of the above-entitled class action litigation against Defendant Alerus Financial, National Association is within the range of what is fair, reasonable and adequate, and should be approved.

For the reasons set forth below, the parties respectfully request that the Court enter an Order Approving Settlement, which will *inter alia*, approve the Stipulation and Settlement Agreement between the parties and approve the plan of allocation of the Settlement proceeds, consider Plaintiff's class representative award, and pending resolution of the parties' correspondence regarding this issue, to consider Plaintiff's counsel attorneys' fees and costs motion.[1]

---

[1] This motion will be filed separately.

## II.     RELEVANT FACTUAL BACKGROUND AND LITIGATION SUMMARY

Plaintiff Cathleen Poechmann ("Plaintiff") filed suit against Defendant Alerus Financial, National Association ("Alerus") alleging that Defendant operated an automated teller machine ("ATM") in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. ("EFTA" or "Act").  Specifically, Plaintiff alleged that Defendant failed to post the statutorily-mandated notice on the face of its ATM, located at 2520 White Bear Ave, Maplewood, Minnesota 55109, to notify users that it would charge non-members a $2.00 fee.  *See* 15 U.S.C. § 1693b(d)(3)(B).

Defendant denies liability.  After conducting some discovery (including the deposition of the Plaintiff) and exchanging information regarding the allegations at issue, including the number of persons who may qualify as class members from the 408 total ATM transactions during the class period, the parties engaged in arms-length settlement negotiations.  Eventually, the parties reached an agreement during a settlement conference [Doc. No. 21] to settle the action on a class basis, which agreement was granted preliminary approval by this Court on July 1, 2011.

## III.    SUMMARY OF THE SETTLEMENT

Per the terms of the parties' stipulation and settlement agreement, Alerus agreed to pay a class settlement fund of $60,150.00; the $60,150.00 is to be distributed on a *pro rata* basis to all class members who send in a Claim Form, along with a copy of a receipt or bank statement showing use of the ATM during the relevant time period.  Each claimant submitting a Claim Form and requisite proof of ATM use is eligible to receive

the $1,000.00 maximum statutory damages available for an individual action under the EFTA. The parties agreed that the remaining funds in the Settlement Account (after all payments to Participating Claimants and costs reimbursements to Plaintiff are made) shall be paid as a *cy pres* award to the Greater Twin Cities United Way. Alerus also agreed to pay Cathleen Poechmann $2,000.00 as damages and for her services as the class representative. Further, the parties agreed that Class Counsel may bring a motion pursuant to Local Rule 54.3 of the Local Rules of the United States District Court for the District of Minnesota to recover her reasonable attorney's fees and costs. [Doc. No. 36]

Upon preliminary approval, notice to the class issued in accordance with the Court's July 1, 2011 order and the parties' Stipulation and Settlement Agreement. Because there was no reasonable way to identify the persons who completed the 408 ATM transactions during the class period, the parties effectuated publication, website, and posted notice on the ATM at issue. (*See Lyons Decl. ¶2, Exh. 1*). Notice was also published twice in the Pioneer Press (*See Lyons Decl. ¶3 & 4, Exhs. 2 & 3*) and on www.caclawyers.com/alerussettlement (*See Bardo Decl. ¶2, Exh. A*). In response to this notice, 8 Claims Forms were submitted.[2] Accordingly, the money that the class members were eligible to receive but did not claim will be distributed to the Greater Twin Cities

---

[2] Of the 8 claimants, 1 claimant submitted paperwork to demonstrate his use of the ATM at Issue, as required by the notice. *Bardo Decl. ¶ 7*. Alerus noted several issues with the documentation that was submitted and Alerus contends that the documentation is not valid and therefore, objects to the claim. The parties request that the Court consider the issue at the Final Fairness Hearing. A copy of all documentation related to this claimant's claim is attached for the Court's review to the *Lyons Decl. ¶6, Exh. 4.*

United Way.

## IV.     THE PROPOSED SETTLEMENT WARRANTS APPROVAL

Courts strongly favor settlement as a method for resolving disputes.  *See Justine Realty Co. v. American Nat. Can Co.,* 976 F.2d 385, 391 (8th Cir. 1992); *Holden v. Burlington Northern Inc.,* 665 F. Supp. 1398, 1405 (D. Minn. 1987).  This is especially true in complex class actions.  *White v. Nat'l Football League*, 822 F. Supp. 1389, 1416 (D. Minn. 1993); *In re Charter Communications, Inc. Sec. Litig.,* No. MDL 1506, 4:02-CV-1186 CAS, 2005 WL 4045741, * 4 (E.D. Mo. 2005) (holding that, in "the class action context in particular, there is an overriding public interest in favor of settlement since [s]ettlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.") (internal quotations and citations omitted).

Courts exercise "sound discretion" in approving a proposed settlement of a class action under Rule 23(e) and must find that the proposed settlement is "fair, reasonable, and adequate."  *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988) (citation omitted); *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995).  However, in exercising its discretion, the court's role is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.  *See Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1148 (8th Cir. 1999); (judges should not substitute their judgment for that

4

of the litigants).  As explained below, applying these criteria here demonstrates that the settlement warrants this Court's approval.

Moreover, "[t]he Court recognizes it is entitled to rely on the judgment of experienced counsel when evaluating the merits of a proposed class action settlement." *Holden,* 665 F. Supp. at 1420; *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659, 667 (D. Minn. 1974) (the recommendation of experienced counsel is entitled to great weight).  Further, a presumption of reasonableness is warranted when the settlement is the product of arm's-length negotiations conducted by capable and experienced counsel.  *See M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Minn. 1987).  Here, it is the considered judgment of experienced counsel – after completion of an investigation, formal discovery and settlement discussions – that this settlement constitutes a fair, reasonable and adequate resolution of the case.

In light of the contested factual and legal issues giving rise to questions as to whether a more favorable economic result could or would be accomplished through costly and prolonged litigation, the settlement warrants this Court's approval.

## V.    THE SETTLEMENT IS FAIR, RESONABLE AND ADEQUATE

To determine whether the proposed settlement is fair, reasonable and adequate, this Court must balance the strength of Plaintiff's case against the continuing risks of litigation, the benefits afforded to members of the Settlement Class and the immediacy

and certainty of a recovery.  *See Petrovic*, 200 F.3d at 1150; *Welsch v. Gardebring*, 667

F. Supp. 1284, 1290 (D. Minn. 1987); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

This settlement provides Alerus will pay a class Settlement Fund of $60,150.00;

which would have been subject to a pro rata distribution to participating claimants of the

maximum statutory damages amount of $1,000.00.  The parties do not have knowledge of

any class member who has suffered actual damages as a result of Defendant's alleged

violation of EFTA, other than Plaintiff's contention that actual damages could be

calculated based upon the $2.00 surcharge, which Defendant disputes constitutes actual

damages given each class member's agreement to the $2.00 fee in response to the on-

screen fee notice on the ATM.

### A.    The Proposed Settlement is the Product of Arms-Length Negotiations

The proposed Settlement is the product of arms-length negotiations between well-

informed and experienced lawyers.  *See, e.g., In re Employee Benefit Plans Sec. Litig.*

No. 3-92-708, 1993 U.S. Dist. LEXIS 21226, *18 (D. Minn. June 2, 1993).

During settlement discussions, the parties gave detailed and thoughtful

presentations on the perceived strengths and weaknesses of their respective cases to

Magistrate Judge Noel.   Further discussion regarding strengths and weaknesses of the

claims and allegations in the Complaint was performed through a review of discovery,

internal documents, and an analysis of case law concerning the requirements of the

EFTA.

Where, as here, settlement was reached through arms-length negotiations between experienced counsel, and there is no evidence of collusion or bad faith, "the judgment of the litigants and their counsel" concerning the adequacy of the settlement is entitled to deference. *See, e.g., Petrovic,* 200 F.3d at 1149; *DeBoer,* 64 F.3d at 1178. For the reasons stated herein, counsel for all litigants believe that this settlement is within the range of "fair, reasonable and adequate," and should therefore be approved as it was reported and recorded by Magistrate Judge Noel. [Doc. No. 21]

Final approval is contingent upon a finding that the settlement is "fair, reasonable, and adequate." *In re Wireless Telephone Federal Cost Recovery Fees Litig.,* 396 F.3d 922, 932 (8th Cir. 2005). Determining whether a settlement is "fair, reasonable and adequate" involves an evaluation of four factors: "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *Id.* The first factor carries the most weight. *Id.* (*quoting Petrovic,* 200 F.3d at 1150.

## B.    The Merits of the Plaintiff's Case, Weighed Against the Benefits of Settlement

"The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d at 933. Under this factor, courts balance the continuing risks of litigation

against the benefits afforded to members of the class and the immediacy and certainty of a recovery. *See Welsch,* 667 F. Supp. at 1290.

The proposed settlement is fair, reasonable and adequate in light of the hurdles that Plaintiff would have to overcome in order to prevail on the merits. When deciding to settle the class claims, Plaintiff recognized the time that would be required to engage in further pre-trial discovery, the hurdles to surmount for discovering mailing addresses of class members, summary judgment, jury trial, and pre- and post-trial proceedings essential to continue this litigation. Notably, to the best of Plaintiff's counsel's knowledge, no EFTA case has yet gone to trial, so there is no guiding authority on the likelihood of success for Plaintiff's claim at trial, or the amount of damages a jury would award for the violation alleged. Finally, Plaintiff considered the possibility of appeal and time and expense involved.

Thus, by agreeing to settle the class claims as set forth above, Plaintiff made available a substantial benefit for the class members – any class member who submitted a valid, non-challenged Claim Form with the requisite documentary proof of ATM usage, would have been eligible to receive the maximum statutory damages available to an individual under 15 U.S.C. § 1693m of $1,000.00 – without incurring additional litigation expenses, risk of loss, and consuming the judicial resources necessary to conduct a trial. Approval of the Stipulation and Settlement Agreement avoids the uncertainty inherent in litigating contested issues concerning the interpretation of EFTA, and, in the event of a finding of liability, the factors associated with assessing damages, as well as the risk that

a similar, smaller or zero recovery would be achieved after a trial and appeal.

The immediacy and certainty of a recovery as well as the expense and likely duration of the litigation are factors for the Court to balance in determining whether the proposed settlement is fair, reasonable and adequate. *Girsh v. Jepson*, 521 F.2d at 157. Courts consistently have held that "[t]he expense and possible duration of the litigation should be considered in evaluating the reasonableness of [a] settlement." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Therefore, the present settlement must also be balanced against the expense of achieving a more favorable result at trial. *Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971).

Courts recognize that "the purpose of a settlement is to avoid the expense and delay of a trial." *Petrovic,* 200 F.3d at 1149; *DeBoer,* 64 F.3d at 1176-78. If not for the settlement, this case would likely have continued to be contested by the parties. A trial, and preparations, would have involved further time and expense for both parties..

Moreover, the very essence of a settlement agreement is compromise, which requires an abandonment of the usual win versus loss philosophy in favor of a solution somewhere between the two extremes. *Holden,* 665 F. Supp. at 1413.

> Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation.

*Officers for Justice*, 688 F.2d at 624 (citation omitted); *see also Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 19 (N.D. Cal. 1980) (as a *quid pro quo* for not having to undergo the uncertainties and expenses of litigation, the plaintiffs must be willing to moderate the

measure of their demands), *aff'd*, 661 F.2d 939 (9th Cir. 1981).  Even if the Settlement

Class could have recovered a judgment larger than this settlement, a larger recovery

would not necessarily be more valuable to the Settlement Class due to the decreasing

value of money over time, the significant expense of further litigation, and the continuing

risks of post-trial motions and appeals.  Accordingly, the fact that the Settlement Class

potentially might have achieved a larger recovery at trial is not dispositive and does not

preclude the Court from finding that the settlement is within a "range of reasonableness"

that is appropriate for approval.  *See In re Warner Communications Sec. Litig.,* 618 F.

Supp. 735, 745 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986).

### C.      There was no Objection to the Settlement.

In the wake of publication of the Notice of Hearing as Order by the Court, no class

member provided counsel with a Statement of Exclusion to opt out or an objection to the

settlement.  *See Lyons Decl. ¶5 and Bardo Decl. ¶8.*  The absence of any objections by

Settlement Class Members is an important factor in evaluating the fairness of a settlement

and supports approval of this settlement.  *See Petrovic*, 200 F.3d at 1152 (approving

settlement where "fewer than 4 percent of the class members objected to the settlement").

### D.      The Class Representative Award is Fair and Reasonable.

Payment awards to class representatives lie within the discretion of the trial court

and may be provided as a reward for the benefit visited on the class.  *In re Plastic

Tableware Antitrust Litig.*, Civ. A. No. 94-3564, 1995 WL 723175 at *2 (E.D. Pa. 1995).

Factors that courts consider when awarding incentive awards include: the risk to the

plaintiff in commencing suit, both financially and otherwise; the notoriety and/or personal difficulties encountered by the representative plaintiff; the extent of the plaintiff's personal involvement in the lawsuit in terms of discovery responsibilities and/or testimony at depositions or trial; the duration of the litigation; and the plaintiff's personal benefit (or lack thereof) purely in his capacity as a member of the class. *Id.*, *citing In re U.S. Bioscience Secur. Litig.*, 155 F.R.D. 116, 121 (E.D. Pa. 1994).

Plaintiff actively participated throughout the course of this litigation on behalf of the class. The $2,000 award requested by Plaintiff is reasonable based upon her willingness to bring suit and represent a class of consumers by participating in this case, especially when considering that $1,000 represents statutory damages contemplated by 15 U.S.C. § 1693m. Plaintiff's participation resulted in a favorable settlement for the class, and Defendant agreed not to oppose Plaintiff's request for the $2,000 Class Representative Fee.

### E.    Plaintiff's Counsel Attorneys' Fees and Costs

Under a separate motion, Plaintiff's Counsel will request Attorneys' fees and costs in this case pursuant to Local Rule 54.3 per the terms of the parties' agreement, which will seek a determination by the Court to compensate Plaintiff for reasonable attorney's fees and costs.

## VI.    CONCLUSION

The proposed settlement is an appropriate result, given the factual and legal issues on liability and damages, the additional expense if this litigation were to continue, the

benefit the settlement offered to the Settlement Class, and the fact that the proposed settlement was the product of arm's-length negotiations.   Plaintiff and her counsel therefore respectfully request the Court grant final approval of the settlement of this litigation as fair, reasonable and adequate.

Respectfully submitted,


Dated:  _____September 23, 2011_____          By:___s/Thomas J. Lyons_____
                                                **LYONS LAW FIRM, P.A.**
                                                Thomas J. Lyons, Sr., Esq.
                                                Attorney I.D. # 65699
                                                367 Commerce Court
                                                Vadnais Heights, MN 55127
                                                Telephone: (651) 770-9707
                                                Facsimile: (651) 770-5830
                                                tlyons@lyonslawfirm.com

                                                **THE CONSUMER ADVOCACY
                                                CENTER, P.C.**
                                                Lance Raphael, Esq.
                                                Stacy Bardo, Esq.
                                                180 West Washington, Suite 700
                                                Chicago, IL 60602
                                                Telephone: (312) 782-5808
                                                Facsimile: (312) 377-9930
                                                lance@caclawyers.com

                                                **ATTORNEYS FOR PLAINTIFF AND
                                                THE CLASS**